NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

MAR 9 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| KARO HAJIBEKYAN,<br><br>          Plaintiff-Appellant,<br><br>  v.<br><br>BMW OF NORTH AMERICA, LLC, a Limited Liability Company; DOES, 1 through 100, inclusive,<br><br>          Defendants-Appellees. | No.   20-55609<br><br>D.C. No.<br>2:20-cv-03924-PA-PLA<br><br>MEMORANDUM[*] |

Appeal from the United States District Court
for the Central District of California
Percy Anderson, District Judge, Presiding

Submitted March 2, 2021[**]
Pasadena, California

Before:  GRABER, HIGGINSON,[***] and MILLER, Circuit Judges.

Karo Hajibekyan appeals from the district court's order compelling

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Stephen A. Higginson, United States Circuit Judge for the U.S. Court of Appeals for the Fifth Circuit, sitting by designation.

arbitration of and dismissing his claims against BMW of North America, LLC (BMW NA) under the arbitration clause in his lease agreement with BMW Pacific, a car dealership. The district court held that BMW NA could enforce the arbitration clause as a third-party beneficiary of the lease agreement and, alternatively, that BMW NA could compel arbitration under the doctrine of equitable estoppel. We have jurisdiction under 9 U.S.C. § 16(a)(3) and review the district court's order compelling arbitration de novo. *Ziober v. BLB Res., Inc.*, 839 F.3d 814, 816 (9th Cir. 2016); *Kramer v. Toyota Motor Corp.*, 705 F.3d 1122, 1126 (9th Cir. 2013). Because we affirm on the ground that BMW NA can enforce the arbitration clause as a third-party beneficiary of the lease agreement, we do not consider the doctrine of equitable estoppel.

California law governs whether BMW NA can compel arbitration as a third-party beneficiary of the lease agreement. *See Arthur Andersen LLP v. Carlisle*, 556 U.S. 624, 630–31 (2009); *Murphy v. DIRECTV, Inc.*, 724 F.3d 1218, 1233 (9th Cir. 2013). Under California law, a nonsignatory to an agreement may enforce a contract if the "agreement was 'made expressly for [its] benefit.'" *Ronay Fam. Ltd. P'ship v. Tweed*, 157 Cal. Rptr. 3d 680, 685–86 (Ct. App. 2013) (quoting Cal. Civ. Code § 1559). When an arbitration clause provides that it covers claims involving particular parties, the agreement has been made expressly for the benefit of those parties. *See id.* at 686; *Cione v. Foresters Equity Servs., Inc.*, 68 Cal. Rptr. 2d 167,

2

173 (Ct. App. 1997).

The arbitration clause in Hajibekyan's lease agreement encompasses "any claim, dispute or controversy . . . between me and you or your employees, officers, directors, *affiliates*, successors or assigns." The agreement specifies that "me" refers to Hajibekyan and "you" and "your" refer to Pacific BMW and its assignee, BMW Financial Services NA, LLC (BMW FS). The clause therefore expressly covers claims between Hajibekyan and the affiliates of Pacific BMW and BMW FS, including BMW NA—the parent company of BMW FS. Because the claims subject to the arbitration agreement include claims against BMW NA, BMW NA is an intended beneficiary of the agreement and can enforce its terms. *See Philadelphia Indem. Ins. Co. v. SMG Holdings, Inc.*, 257 Cal. Rptr. 3d 775, 781–82 (Ct. App. 2019); *Ronay Fam.*, 157 Cal. Rptr. 3d at 686; *Cione*, 68 Cal. Rptr. 2d at 173.

We reject Hajibekyan's argument that BMW FS's status as a limited liability company prevents its parent company, BMW NA, from enforcing the arbitration clause as an affiliate of BMW FS. Under California law, a limited liability company is distinct from other related entities, Cal. Corp. Code §§ 17701.04(a), 17703.04(a), but that does not mean that it cannot be affiliated with those related entities, *see Revitch v. DIRECTV, LLC*, 977 F.3d 713, 717 (9th Cir. 2020). As BMW FS's parent company, BMW NA is an affiliate of BMW FS.

**AFFIRMED.**